UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| SONYA STIRGUS | | * | CIVIL ACTION NO.: 17-11645 |
| | Plaintiff, | * | |
| | | * | |
| vs. | | * | |
| | | * | JUDGE: Ivan L.R. Lemelle |
| | | * | |
| DILLARD DEPARTMENT | | * | MAGISTRATE: Janis van Meerveld |
| STORES, INC. | | * | |
| | | * | |
| | Defendant. | * | |

**************************************

**STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Pursuant to Local Rule 56.1, Defendant Higbee Lancoms, LP ("Dillard's") submits this Statement of Material Facts as to Which There is No Genuine Issue to be Tried:

1. Each year, tens of thousands of customers shop at Dillard's in the Oakwood Shopping Center.[1]

   a. To show some of its merchandise to those customers, Dillard's uses mannequins throughout the store.[2]

   b. In its lingerie department, Dillard's specifically uses half-body mannequins in its displays.[3]

   c. The mannequins stand on their own, and would require force exerted against it for one to fall.[4]

---

[1] Exhibit A, p. 46.
[2] Exhibit A, p. 32.
[3] Exhibit B, p.36-37, Exhibit 3 to deposition.
[4] Exhibit A, p. 42.

2.  On October 21, 2016, plaintiff shops at Dillard's in Oakwood Mall and a mannequin falls on her.[5]

    a.  The mannequin that fell on her had been in the same location, and placed on the same shelf for over three years.[6]

    b.  Plaintiff does not know what caused the mannequin to fall.[7]

3.  Lee Boone is the Dillard's Assistant Store Manager who investigated this incident.[8]

    a.  He has never heard of any other mannequin in the store falling off a shelf.[9]

    b.  He knows that the mannequin that fell on the plaintiff had been in the same location, and placed on the same shelf for over three years prior to plaintiff's incident.[10]

    c.  While he speaks to the plaintiff during his investigation, the plaintiff's two children are hyper, running around, and trying to grab his clipboard.[11]

4.  Justin Dubyak is the store manager at Dillard's when this incident occurred.[12]

    a.  He knows that Dillard's employees frequently inspect the aisles, passageways, floors, and shelves to ensure that they are safe, and to ensure that the store is free of hazards that may cause injury.[13]

    b.  He walks the store every day to ensure that the displays are set up properly, and that they are safe.[14]

---

[5] Exhibit C, Plaintiff's Petition for Damages, ¶ II.
[6] Exhibit A, p. 47.
[7] Exhibit A, p. 39.
[8] Exhibit A, p. 13.
[9] Exhibit A, p. 46.
[10] Exhibit A, p. 47.
[11] Exhibit A, p. 47.
[12] Exhibit D.
[13] Exhibit D.
[14] Exhibit D.

   c.  In the 2 years that he was the manager of the Oakwood Shopping Center location, no mannequin ever fell on a customer.[15]

5. Plaintiff has identified no expert who can testify that Dillard's' display was unreasonably dangerous, or that Dillard's was negligent.[16]

6. Attached as exhibits to Dillard's' Memorandum in Support of its Motion for Summary Judgment are:

   A.    Deposition of Lee Boone;

   B.    Deposition of plaintiff;

   C.    Plaintiff's Petition for Damages;

   D.    Declaration of Justin Dubyak;

   E.    Plaintiff's Witness and Exhibit List

Respectfully submitted,

/s/ *Lambert J. Hassinger, Jr.*
Lambert J. Hassinger, Jr. T.A. (#21638)
jhassinger@gallowayjohnson.com
Jason A. Camelford (#33048)
jcamelford@gallowayjohnson.com
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:   (504) 525-6802
Fax:        (504) 525-2456

## CERTIFICATE OF SERVICE

I certify that on the 7th day of August, 2018, a copy of the foregoing has been filed electronically with the Clerk of Court using the CM/ECEF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Lambert J. Hassinger, Jr.*
Lambert J. Hassinger, Jr.
Jason A. Camelford

---

[15] Exhibit D.
[16] Exhibit E.