UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| SONYA STIRGUS | | * | CIVIL ACTION NO.: 17-11645 |
| | Plaintiff, | * | |
| | | * | |
| vs. | | * | |
| | | * | JUDGE: Ivan L.R. Lemelle |
| | | * | |
| DILLARD DEPARTMENT | | * | MAGISTRATE: Janis van Meerveld |
| STORES, INC. | | * | |
| | | * | |
| | Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
HIGBEE LANCOMS, LP'S MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT**:

Higbee LANCOMS, LP ("Dillard's") moves for summary judgment because there is no genuine issue of material fact that requires a trial. Plaintiff will never be able to prove that the mannequin that struck her fell because it was unreasonably dangerous or that Dillard's failed to exercise reasonable care. Instead, the undisputed facts establish that the mannequin had been on the same shelf and in the same location for years prior to this incident, and that neither it nor any similar mannequin had ever fallen on any of the tens of thousands of customers who visit that store annually.

**I.    THE FACTS**

Each year, tens of thousands of customers shop at Dillard's in the Oakwood Shopping Center.[1] To show some of its merchandise to those customers, Dillard's uses mannequins

---

[1] Exhibit A, Depo. of Lee Boone, p. 46.

throughout the store.[2] In its lingerie department, Dillard's specifically uses half-body mannequins, which look like this:[3]



---

[2] Exhibit A, p. 32.
[3] Exhibit B, Deposition of Plaintiff, p.36-37, Exhibit 3.

Dillard's places the half-body mannequins on shelving displays that are anchored to the wall.[4] The mannequins stand on their own, and it would require at least some level of force exerted against it for one to fall.[5]

On October 21, 2016, plaintiff shops at Dillard's in Oakwood Mall with her two children.[6] She is a regular Dillard's customer, and shops there over thirty-five times a year.[7] On this occasion, while she is searching through lingerie products beneath a shelf with a mannequin on it, the mannequin falls off the shelf and strikes her.[8] This is a picture of the shelf where the mannequin pictured above had been placed:[9]



---

[4] Exhibit A, p. 29.
[5] Id at p. 42.
[6] Exhibit C, Plaintiff's Petition for Damages, ¶ II.
[7] Exhibit B, p. 29-30.
[8] Id at p. 35.
[9] Id at p. 36-37, Exhibit 2.

Prior to the incident, plaintiff had been in Dillard's for about 10 minutes.[10] During that time, she did not see the mannequin fall or shift.[11] And, she is not aware of a similar mannequin ever falling on any other customer.[12] Although she contends that she did not strike the shelf, she does not know what caused the mannequin to fall.[13]

Lee Boone is the Dillard's Assistant Store Manager who investigated this incident.[14] Despite his best efforts, he was unable to determine what caused the mannequin to fall.[15] He has never heard of any other mannequin in the store falling off a shelf.[16] Furthermore, the mannequin that fell on the plaintiff had been in the same location, and placed on the same shelf for over three years.[17] During that time it never fell.[18] While speaking to the plaintiff during his investigation, the plaintiff's two children were hyper, running around, and trying to grab his clipboard.[19]

Justin Dubyak is the store manager at Dillard's when this incident occurred.[20] To ensure the safety of its customers, Dillard's employees frequently inspect the aisles, passageways, floors, and shelves to ensure that they are safe, and to ensure that the store is free of hazards that may cause injury.[21] In the lingerie department, specifically, Dillard's associates clean surfaces and shelves daily.[22] Further, Mr. Dubyak walks the store every day to ensure that the displays are set up

---

[10] Exhibit B, p. 35.
[11] Id.
[12] Id at p. 31.
[13] Id at p. 39.
[14] Exhibit A, p. 13.
[15] Id at p. 19.
[16] Id at p. 46.
[17] Id at p. 47.
[18] Id.
[19] Id.
[20] Exhibit D, Declaration of Justin Dubyak.
[21] Id.
[22] Id.

properly, and that they are safe.[23] In the 2 years that he was the manager of the Oakwood Shopping Center location, no mannequin ever fell on a customer.[24]

Plaintiff sues Dillard's alleging that it was negligent, even though she has no knowledge of why the mannequin fell.[25] Furthermore, she has identified no expert who can testify that Dillard's' display was unreasonably dangerous, or that Dillard's was negligent.[26]

## II.      SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[27] According to the Fifth Circuit, "[s]ummary judgment reinforces the purpose of the Rules, to achieve the just, speedy, inexpensive determination of actions."[28] Summary judgment is favored in federal courts.[29] Indeed, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[30]

Once the moving party carries its initial burden of showing an absence of material fact issues, the burden shifts to the non-movant to set forth specific facts demonstrating that there is a genuine issue of material fact for trial.[31] The non-mover's burden cannot be met "by conclusory

---

[23] Exhibit D.
[24] Id.
[25] Exhibit B, p. 39.
[26] Exhibit E, Plaintiff's Witness and Exhibit List.
[27] Fed. R. Civ. P. 56(c).
[28] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir.1986).
[29] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 (5th Cir.1994).
[30] *Id.* (emphasis in original).
[31] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 110 S.Ct. 3177, 3188 (1990).

allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[32]  Rather, "the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."[33]

## III.    ARGUMENT

Louisiana Revised Statute 9:2800.6(A) applies to falling merchandise cases.[34] Under that statute, a merchant is required to use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition, and free of hazards which may cause injury.[35] To prevail under 9:2800.6(A), a plaintiff must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident.[36]

To establish negligence, the plaintiff must show that either a store employee or another customer placed the merchandise in an unsafe position or otherwise caused the merchandise to be in such a precarious position that eventually it does fall.[37] Only when a plaintiff has negated the first two elements *and* demonstrated the last will she have proved the existence of an "unreasonably dangerous" condition on the merchant's premises.[38] If a plaintiff proves a prima facie premises hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures.[39]

---

[32] *Little*, 37 F.3d at 1075 (internal quotations and citations omitted).

[33] *Little*, 37 F.3d at 1075 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553-54 (1986)).

[34] *Davis v. Wal-Mart Stores, Inc.*, 00-0445 (La. 11/28/00), 774 So.2d 84, 90.

[35] Id.

[36] Id.

[37] Id.

[38] Id. (Emphasis in original).

[39] Id.

In this case, plaintiff will never establish that Dillard's was negligent or that Dillard's failed to exercise reasonable care. The mannequin had been in the same location, on the same shelf, for at least three years prior to this incident.[40] During that time, it had never fallen, and could not have fallen without some force exerted to move it.[41] Further, Dillard's associates in the lingerie department inspect and clean the area daily to ensure that the store and its displays are safe.[42] Finally, Mr. Dubyak inspects the store each day by walking though it to ensure that all of the displays are set up properly.[43]

The Louisiana Supreme Court's reasoning in *Davis*, that "the mere fact that merchandise falls is not sufficient to prove the negligence of the defendant," is applicable here. And, as this Court has stated, "[a] merchant is not the insurer of his patrons … [and] is not liable every time an accident happens."[44] Here, there is simply no evidence that Dillard's was negligent or that its employees failed to exercise reasonable care. The undisputed facts establish that Dillard's employees frequently inspect the departments and the displays, and that this specific mannequin had been on the same shelf for years prior to this incident. Further, the plaintiff testified that the mannequin did not move or shift before she started searching through the merchandise immediately beneath it.[45]

Louisiana Courts will grant summary judgment in falling merchandise cases where the plaintiff cannot establish negligence or establish that the merchant failed to exercise reasonable care. For example, in *Hodges v. J.C. Penney Corp.*, the plaintiff was injured when a display rack

---

[40] Exhibit A, p. 47.
[41] Id at p. 42.
[42] Exhibit D.
[43] Id.
[44] *Fabre v. Old Navy, LLC*, 2011 WL 4915494 (E.D. La. 10/17/11); citing *Hardman v. Kroger Co.,* 775 So.2d 1093, 1095 (La. App. 2 Cir. 2000).
[45] Exhibit B, p. 35.

fell on her.[46] Just like in our case, Hodges did not know what caused the display to fall, and had no evidence that it had been improperly loaded.[47] As a result, the appellate court affirmed summary judgment.[48]

Similarly, in *Humphrey v. Wal-Mart Stores*, summary judgment was upheld after that plaintiff was unable to establish what caused merchandise to fall off a shelf.[49] Just like in our case, she could not testify to the cause, because she was looking the other way.[50] Furthermore, and again just like the case at bar, plaintiff could not establish that Wal-Mart was negligent, as there was no evidence that the way the merchandise was placed on the shelf was unreasonably dangerous.[51]

Plaintiff may oppose this Motion by contending that the mannequin should have been secured in some way, but she has no evidence to support that contention. She does not know why the mannequin fell. Furthermore, she has not retained any experts regarding liability.[52] Despite the plethora of "experts" eager to play the litigation game, this plaintiff could not find one who could identify any problem with the display. So, she will never be able to identify a code, standard, industry practice, or regulation that was supposedly violated.

Considering that, no reasonable jury could find that the mannequin needed to be secured. Experience tells us that it did not, as it had been in the same place under the same circumstances for years prior and never fell. Furthermore, Dillard's uses the same mannequins in displays

---

[46] 04-1333 (La. App. 5 Cir. 3/29/05), 900 So.2d 966.
[47] Id.
[48] Id.
[49] 44,614 (La. App. 2 Cir. 8/19/09), 16 So.3d 1252.
[50] Id at p. 1255.
[51] *Humphrey*, 16 So.3d at 1255.
[52] Exhibit E.

throughout the store, and those don't fall either. The fact is that these mannequins do not fall on their own.

## IV.    CONCLUSION

A mannequin fell off of a shelf, and plaintiff cannot prove why that happened. The simple fact that it fell does not mean Dillard's is at fault, and no reasonable jury could find to the contrary. Before the plaintiff started searching through the items beneath the shelf, the mannequin had been in the same spot for at least three years. As such, and for the reasons set forth above, Dillard's respectfully moves this Honorable Court to grant this Motion and dismiss plaintiff's claim with prejudice.

Respectfully submitted,

*s/Lambert J. Hassinger, Jr._____*
Lambert J. Hassinger, Jr. (#21683) TA
jhassinger@gallowayjohnson.com
Jason A. Camelford (#33048)
jcamelford@gallowayjohnson.com
Galloway, Johnson, Tompkins, Burr & Smith
4040 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139
Tel.: (504) 525-6802; Fax: (504) 525-2456

### CERTIFICATE OF SERVICE

I certify that on August 7, 2018, a copy of the foregoing has been filed electronically with the Clerk of Court using the CM/ECEF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Lambert J. Hassinger, Jr.*
Lambert J. Hassinger, Jr.

9