UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SONYA STIRGUS | * | CIVIL ACTION NO.: 17-11645 |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | JUDGE: Ivan L.R. Lemelle |
| | * | |
| DILLARD DEPARTMENT | * | MAGISTRATE: Janis van Meerveld |
| STORES, INC. | * | |
| | * | |
| Defendant. | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT**:

Dillard's' Motion for Summary Judgment should be granted because plaintiff has failed to offer any competent evidence that Dillard's was negligent. Instead, plaintiff opposes Dillard's Motion merely with unsubstantiated argument and an unauthenticated photograph. As such, there is no genuine issue of material fact that requires a trial, and Dillard's Motion for Summary Judgment should be granted.

### 1. Dillard's Was Not Negligent Under Any Code Article or Statute.

In her Opposition, plaintiff contends that she alleged her claim under Louisiana Civil Code Article 2315. That, however, is not true. In paragraph V of her Petition, she simply asserts that Dillard's was negligent.[1] Nowhere does she ever assert a specific reference to any Code article.[2]

---

[1] Rec. Doc. 14, Exhibit C.
[2] Id.

Plaintiff's claim is properly evaluated under Louisiana Revised Statute 9:2800.6(A), the Merchant Liability Statute. As the Louisiana Fifth Circuit Court of Appeal has held, "La. R.S. 9:2800.6 governs negligence claims against a merchant."[3] Revised Statute 9:2800.6(A) is applicable because plaintiff asserts an item fell off a shelf and struck her.[4] To prevail under that Statute, she must establish that the merchant's negligence was the cause of the accident.[5]

However, even if this Court is inclined to evaluate the plaintiff's claims under Louisiana's general negligence article, she still has essentially the same burden of proof. For liability to be imposed under Civil Code Article 2315, she would still need to establish negligence under the duty/risk analysis. However, she has provided the Court with no evidence of that, competent or otherwise, so she is still subject to summary judgment.

In support of her Opposition, plaintiff offers a photo that she alleges depicts a set of mannequins on display at Dillard's.[6] However, that photograph is not competent summary judgment evidence. Rule 56(c) of the Federal Rules of Civil Procedure requires that any evidence offered to support or dispute a fact must be presented in a form that would be admissible as evidence. That photo would not admissible because it is not authenticated. So, it should be disregarded pursuant to Federal Rule of Civil Procedure Rule 56(e). Thus, Dillard's objects to the exhibit, and moves the court to strike it pursuant to F.R.E. Articles 901 and 403.

Furthermore, even if it were admissible, the photograph provides no probative value as it is provided without any meaningful context. The only information regarding its origin is contained in a footnote in the Opposition that states that it was taken by plaintiff's counsel sometime following Mr. Boone's deposition. That deposition occurred in June 2018. Plaintiff's

---

[3] *Branch v. Wal-Mart Stores, Inc.* 01-988 (La. App. 5 Cir. 12/26/01), 806 So. 2d 796, 799.
[4] Rec. Doc. 14, Exhibit C.
[5] Id.
[6] Rec. Doc. 16, Exhibit C.

accident occurred on October 21, 2016. Therefore, the photograph is not evidence regarding the condition or arrangement of mannequins when the accident occurred.

Despite that, plaintiff argues that the photo establishes that metal stands should be on the mannequins. Counsel could have brought the photograph to Mr. Boone's deposition and asked about that, but he did not. So, the record is devoid of any testimony regarding metal stands. And, the existence of a metal stand on any mannequin now is irrelevant to the question of whether Dillard's was negligent two years ago, when the incident occurred.

Additionally, even if it were true that there are metal stands on some mannequins, that fact alone does not establish that not having a metal stand on a mannequin is negligent. Plaintiff's photograph simply shows one display of three mannequins, which alone establishes nothing. The photograph is not evidence that establishes that all mannequins are typically placed on metal stands. Furthermore, she has identified no corporate policy regarding metal stands, and has no expert testimony that establishes that using metal stands makes them more secure. Instead, she merely argues to the Court that failing to use a metal stand is evidence of negligence, and that the accident would not have occurred if one had been used. That is insufficient to overcome summary judgment, as it is well-established that arguments of counsel are not evidence.

The undisputed evidence establishes that Dillard's exercised reasonable care and that it was not negligent. The mannequin involved in this accident had been in the same location for over three years.[7] Each year, tens of thousands of customers shop at Dillard's in Oakwood Shopping Center and that mannequin never fell on any of them.[8] Additionally, Dillard's uses the

---

[7] Rec. Doc. 14, Exhibit A, p.47.
[8] Id at p. 46.

3

same mannequins throughout its store, and none of those have ever fallen on anyone else either.[9]

Finally, the undisputed evidence establishes that Dillard's employees frequently inspect the aisles, passageways, floors, and shelves to ensure that they are safe, and to ensure that the store is free of hazards that may cause injury; and, Mr. Dubyak, the store manager, walks the store every day to ensure that the displays are set up properly, and that they are safe.[10]

The Louisiana Supreme Court has held that "the mere fact that merchandise falls is not sufficient to prove the negligence of the defendant."[11] And, as this Court has stated, "[a] merchant is not the insurer of his patrons … [and] is not liable every time an accident happens."[12] Ultimately, plaintiff has no evidence that Dillard's was negligent. Instead, the undisputed facts establish that Dillard's exercised reasonable care and that the mannequin was not unreasonably dangerous. As such, Dillard's is entitled to summary judgment.

### 2. Spoliation of Evidence Is Not Implicated.

In her Opposition, plaintiff mentions spoliation but provides no analysis as to why she thinks that doctrine is applicable to this case. The cases she cites do not assist in her argument seeking an evidentiary presumption. In *Krammerer v. Sewerage and Water Bd. Of New Orleans*, the court held that the defendant did not spoliate the evidence, because it did not intentionally destroy that evidence and was not placed on notice that it was to retain it.[13] In our case, Dillard's did not destroy any evidence, it simply moved the mannequin and the shelf out of the lingerie

---

[9] Rec. Doc. 14, Exhibit A, p. 32; Rec. Doc 14, Exhibit D.

[10] Rec. Doc. 14, Exhibit D.

[11] *Davis v. Wal-Mart Stores, Inc.*, 00-0445 (La. 11/28/00), 774 So.2d 84, 90.

[12] *Fabre v. Old Navy, LLC*, 2011 WL 4915494 (E.D. La. 10/17/11); citing *Hardman v. Kroger Co.,* 775 So.2d 1093, 1095 (La. App. 2 Cir. 2000).

[13] *Krammerer v. Sewerage and Water Bd. Of New Orleans*, 93-1232 (La. App. 4 Cir. 03/15/94), 633 So.2d 1357.

department and into storage.[14] Furthermore, plaintiff has provided the Court with no evidence that she asked Dillard's to retain the mannequin or the shelf. Finally, Dillard's can produce a representative mannequin at any time, because it uses the same mannequins throughout its store.[15]

*Boh Bros. Const. Co. v. Luber-Finer, Inc.* addresses a jury instruction regarding the production of evidence by a plaintiff at trial.[16] In that case, the plaintiff failed to produce evidence in support of its claim, and, as such, an inference was allowed against it and in favor of the defendant. That has nothing to do with the facts of our case. As such, spoliation of evidence is not an issue in this case, and summary judgment is not precluded.

## **CONCLUSION**

The undisputed evidence establishes that Dillard's exercised reasonable care and that it was not negligent. The simple fact is that plaintiff has no evidence, competent or otherwise, to support her claim against Dillard's. As such, and for the reasons set forth above and in Dillard's original Memorandum in Support of this Motion, Dillard's respectfully moves this Honorable Court to grant summary judgment and dismiss plaintiff's claim with prejudice.

Respectfully submitted,

*s/Lambert J. Hassinger, Jr.*_____
Lambert J. Hassinger, Jr. (#21683) TA
jhassinger@gallowayjohnson.com
Jason A. Camelford (#33048)
jcamelford@gallowayjohnson.com
Galloway, Johnson, Tompkins, Burr & Smith
4040 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139
Tel.: (504) 525-6802; Fax: (504) 525-2456

---

[14] Rec Doc 14, Exhibit A, p. 24-25.
[15] Id at p. 32.
[16] *Boh Bros. Const. Co. v. Luber-Finer, Inc.*, 92-0229 (La. App. 4 Cir. 12/29/92), 612 So.2d 270.

## CERTIFICATE OF SERVICE

I certify that on August 20, 2018, a copy of the foregoing has been filed electronically with the Clerk of Court using the CM/ECEF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Lambert J. Hassinger, Jr.*
Lambert J. Hassinger, Jr.