UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SONYA STIRGUS                                          CIVIL ACTION

VERSUS                                                 NO. 17-11645

DILLARD DEPARTMENT STORE, INC.                         SECTION: "B"(1)

## ORDER AND REASONS

Before the Court is Defendant Higbee LAMCOMS, LP's ("Dillard's") Motion for Summary Judgment (Rec. Doc. 14), Plaintiff Sonya Stirgus' Opposition (Rec. Doc. 16), and Defendant's Reply Memorandum (Rec. Doc. 20). For the reasons discussed below,

**IT IS ORDERED** that the Motion (Rec. Doc. 14) is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of Louisiana, mother, and regular Dillard's customer. *See* Rec. Doc. 1-1 at 3; 14-1 at 9. Defendant is a Delaware limited partnership. *See* Rec. Doc. 1 at 2.

On October 21, 2016, Plaintiff went with her two children to Defendant's store in Oakwood Mall. *See* Rec. Doc. 16. Plaintiff was looking through lingerie products which were located under a shelf with a mannequin on it. *See* Rec. Doc. 14-1 at 3. The mannequin fell off the shelf, striking Plaintiff. *See id.*

Soon thereafter, a store associate came to the area and found Plaintiff standing, crying, and holding her face. *See* Rec. Doc. 16 at 2. Plaintiff states that she "heard" the associate picking up the mannequin. *See id*. The mannequin was never put back on display, it

1

was placed in storage. *See id*. The mannequin has since "disappeared." *See id*; Rec. Doc. 20. at 4.

On August 7, 2018, Defendant filed its motion for summary judgment. *See* Rec. Doc. 14. On August 14, 2018, Plaintiff filed an opposition. *See* Rec. Doc. 16. On August 20, 2018, Defendant filed a reply memorandum. *See* Rec. Doc. Nos. 18, 19, 20.

**LAW AND ANALYSIS**

    **A. Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also* T*IG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

**B. Plaintiff survives summary judgment because enforcement of an adverse inference sanction is due as neither the mannequin or the display shelf involved in the incident are available to her and Defendant offers no explanation as to their whereabouts.**

Spoliation is the destruction of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *See Richardson v. Cella*, 1 F.

3

Supp. 3d 484, 498 (E.D. La. 2014). Federal courts have the power to sanction parties who have destroyed evidence. *See id*. The party seeking enforcement of the sanction bears the burden. *See id*.

Courts have sanctioned spoilaters by imposing adverse inferences. *See Bryant v. Wal-Mart La. LLC*, 2017 U.S. Dist. LEXIS 211275, *1, *4 (W.D. La. December 22, 2017). The rationale of such is based on the notion that a party destroys evidence relevant to litigation because the evidence is harmful to their case. *See id.*

To have a court enforce an adverse inference sanction, the party must show three things. *See Condrey v. Sun Trust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005). Specifically, the party must show that:

> (1) the party with control over the evidence had a duty to preserve it at the time it was destroyed; (2) the evidence was destroyed in bad faith; and (3) the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Id*.

In close call cases, an inference of spoliation paired with some evidence in support of plaintiff's cause of action can allow the plaintiff to survive summary judgment. *See Bryant*, 2017 U.S. Dist. LEXIS 211275 at *4.

### (1) Duty to Preserve

Defendant is mistaken in its suggestion that Plaintiff should have "asked Dillard's to retain the mannequin [and] shelf." Rec. Doc. 20 at 5. The duty to preserve evidence arises when a party has notice that the evidence is relevant to ligation or should have known

4

that the evidence may be relevant to future litigation. See *Tango Transp., LLC v. Transp. Int'l Pool, Inc.*, 2009 U.S. Dist. LEXIS 93930, *1, *8 (W.D. La. October 7, 2009). Once a party reasonably anticipates litigation, it must place a litigation hold on the evidence to ensure its preservation. *See id*.

Here, Defendant had a duty to preserve the mannequin and the display shelf. The mannequin struck Plaintiff, causing her injury, at minimum it caused her pain, as she was crying. The mannequin sat on a display shelf. An assistant store manager was called to the scene and asked to investigate the incident. A store associate wrote an accident witness statement, stating that Plaintiff wanted a report in case Plaintiff needed to "go to the hospital or anything." *See* Rec. Doc. 16-5 at 2. Therefore, Defendant should have known that Plaintiff may sue it for the incident and that the mannequin and display shelf may be relevant to future litigation surrounding the incident.

### (2) Bad Faith

The enforcement of an adverse inference sanction is predicated on bad faith or bad conduct by the accused spoilater. *See Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 344 (M.D. La. 2006) citing to *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 268 (8th Cir. 1993) (finding bad faith where the very automobile that was subject of a products liability action was destroyed). For the spoilater to have acted in bad faith or with bad conduct, it must act with

fraudulent intent and a desire to suppress the truth. *Tango Transp., LLC*, 2009 U.S. Dist. LEXIS 93930 at *12.

Here, Defendant acted in bad faith, or at minimum, with bad conduct. Defendant removed the mannequin and the shelf from the lingerie department, put it into storage, and now it is missing. Defendant offers no explanation as to why the two pieces of evidence are missing. *See Janko v. Fresh Mkt., Inc., 2016 U.S. Dist. LEXIS 54710 *1, *25* (W.D. La. April 25, 2016) citing to *Salone v. Jefferson Parish Dep't of Water*, 645 So. 2d 747, 750 (La. App. 5 Cir. 1994). ("Where a litigant fails to produce evidence available to him and gives no reasonable explanation, the presumption is that [that] evidence would have been unfavorable to his [case]."). It is likely that Defendant put the two pieces of evidence in their own private storage where Defendant has sole access to place and remove items. Further, it is odd that Defendant is able to "produce a representative mannequin at any time, because it uses the same mannequins throughout its store" but is unable to produce the very mannequin that is the subject of this negligence action. Defendant makes no mention of being able to produce a representative shelf. The absence of an explanation regarding the very two pieces involved in the core incident of this action seem to indicate bad faith, or at minimum, bad conduct.

### (3) Relevance

Evidence is relevant for the purposes of adverse inference enforcement when it is relevant to the lawsuit, would have supported the inference sought, and the non-spoliating party suffers prejudice from the destroyed evidence. *See Tango Transp., LLC*, 2009 U.S. Dist. LEXIS 93930 at *13. "A party seeking an adverse inference must demonstrate . . . that the destroyed evidence would have supported the proposed inference." *Id*.

Here, the mannequin and the shelf are relevant for purpose of adverse inference enforcement. These two items are the very items involved in the incident. Plaintiff could have used the mannequin to further prove her allegations of negligent maintenance and inspection of the displays. Other than a photo of the mannequin, Plaintiff has nothing to further inspect or offer to support her claim. Plaintiff is certainly prejudiced by not having the actual mannequin or shelf. Plaintiff could have inspected the build, quality, and assembly of the actual pieces and used her findings to show that Defendant was negligent. Now, she cannot. And, a "representative mannequin" does not cure that prejudice.

**C. If enforcement of an adverse inference is not due, Plaintiff still survives summary judgment because there are genuine issues of material facts as to how the mannequin fell and whether the mannequin was assembled correctly which would allow a reasonable jury to return a verdict for Plaintiff.**

Louisiana Revised Statute 9:2800.6(A) is a specific negligence statute regarding negligence claims brought against merchants. To

prevail under the statue, a plaintiff must prove, in addition to any other elements of their claim, three elements. Specifically, a plaintiff must prove that:

> 1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care. La. R.S. § 9:2800.6(B).

A "falling merchandise" case, under this statute, requires a plaintiff prove that "(1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident." *Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 11/28/00).

Louisiana Civil Code Article 2351 is a general negligence statute regarding liability for acts that cause damage. Specifically, the statute states, in relevant part, that "Every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." La. C. C. Art. 2315(A).

To prevail under this statute, a plaintiff must prove the standard elements of negligence: duty, breach of duty, cause-in-fact, proximate cause, and damages. See *Peterson v. Doe*, 647 So. 2d 1288, 1291 (La.App. 4 Cir. 12/15/94).

It seems that Louisiana Civil Code Article 2351 applies to this case as Plaintiff alleges a general negligence claim in her complaint. *See* Rec. Doc. 1-1 at 3; *see also Adams v. La. State Univ. Health Scis. Ctr. Shreveport*, 19 So. 3d 512 (La.App. 2 Cir. 08/19/09) (finding that Louisiana Civil Code Article 2351 applied to the case, not Louisiana Revised Statute 9:2800). This is not a "falling merchandise" case. The mannequin is not merchandise as it was not a good to be bought or sold. *See e.g. Davis,* 774 So. 2d at 91 (referring to a Santa Claus figurine); *Humphrey v. Wal-Mart Stores*, 16 So. 3d 1252 (La.App. 2 Cir. 08/19/09) (referring to root beer bottles).

However, even if this is a "falling merchandise" case and Louisiana Revised Statute 9:2800.6(A) applies, Defendant's negligence must be proven. *See Davis*, 774 So. 2d at 90. Both rules offered by the parties necessitate proof that Defendant was negligent. Therefore, regardless of which statute applies to these facts, Plaintiff must establish that Defendant was negligent to prevail.

Here, there are genuine issues of material facts as to whether Defendant was negligent. Specifically, there are genuine issues of material facts as to how the mannequin fell and whether the mannequin was assembled correctly. Plaintiff contends that the mannequin fell on its own, no outside force contributed to the mannequin falling. Defendant counters, stating that that the mannequin could not have fallen over without some outside force. Plaintiff's kids were "hyper"

and "running around" when the assistant store manager arrived. Defendant also counters by stating that Plaintiff does not know how the mannequin fell. But, even without knowing how the mannequin fell, Plaintiff could prevail, alternatively, on a res ipsa loquitur theory.

As to the assembly of the mannequin, Plaintiff states that the missing metal base was needed to stabilize the mannequin and therefore points to Defendant's negligence. Defendant states that Plaintiff has no proof that the mannequin should have been secured or stabilized in some way because she cites no experts. But, experts are not necessary to prove common sense occurrences. It does not take an expert to prove that an improperly assembled mannequin eventually fell from the shelf it was sitting on. Further, the photo referenced by Plaintiff, if admitted, can show that the missing metal base was needed. Each mannequin in that photo has a metal base unlike the mannequin in this case. A reasonable jury could return a verdict for Plaintiff.

New Orleans, Louisiana, this 27th day of September, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE